IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BEVERLY FUQUA *et al*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 1:12-cv-93 (WLS) |
| | : | |
| JOHN PRIDGEN *et al*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are the Parties' Consent Motion to Dismiss Defendant Haralson (Doc. 88) and the Defendant Judges' Third Consent Motion to Extend the Time for Defendant Judges' Answer to the Complaint (Doc. 89). In the first motion, all of the Parties move to voluntarily dismiss Defendant Haralson under Rule 41(a)(2) of the Federal Rules of Civil Procedure. In the second motion, the defendant judges request an extension of time to October 30, 2013 to answer the complaint.

The Parties' motion to dismiss Defendant Haralson is **GRANTED**. Haralson is hereby dismissed from this action, with prejudice, in accordance with the terms reached in the settlement agreement.

Defendant Judges' motion is also **GRANTED**. But because of the importance of the issues in this case and the length of time the case has been pending, the Court will not grant any further extension to answer the complaint, except to avoid a manifest injustice arising from matters not reasonably avoidable by or foreseeable to the moving party.

1

Relatedly, Plaintiffs' Motion for a Preliminary and/or Permanent Injunction remains pending on the docket. In their motion, Plaintiffs request an injunction enjoining defendants from excluding members of the public from criminal court proceedings in Ben Hill and Crisp County. Plaintiffs also urge the Court to consolidate their request for a preliminary injunction with their request for a permanent injunction. Plaintiffs request the Court do so without an evidentiary hearing.

Federal Rule of Civil Procedure 65 provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). Although there is ample authority permitting a district court to issue a preliminary injunction without an evidentiary hearing, *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311–13 (11th Cir. 1998), the court's authority to issue a permanent injunction without a hearing is more questionable, *see Budlong v. Graham*, 488 F. Supp. 2d 1245, 1249–50 (N.D. Ga. 2006).

Moreover, Plaintiffs seek only declaratory relief against the defendant judges. (Doc. 24 at 3.) To the extent Plaintiffs view their motion as a "motion for a declaratory judgment," the Court notes that such a vehicle would be improper under the Federal Rules because "[a] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010) (quoting *Kam-Ko Bio-Pharm Trading Co., Ltd.- Australasia v. Mayne Pharma (USA), Inc.*, 560 F.3d 935, 943 (9th Cir. 2009)). Nevertheless, under Federal Rule 57, "[t]he court may order a speedy hearing of a declaratory judgment action." Fed. Civ. P. 57.

For those reasons, the Court hereby finds it necessary to notice the remaining Parties it intends to advance the request for injunctive and declaratory relief to an

expedited trial on the merits. By **Wednesday, October 30, 2013,** all remaining parties to this case shall confer and submit to the Court a joint proposed scheduling order setting forth dates within three months of October 30 for trial and any remaining issues. The joint proposed order shall also set forth the Parties' positions regarding the format of the trial and the interplay between any remaining requests for legal and equitable relief. The pending motion for preliminary relief is **DENIED** without prejudice in the sense that the Court intends to grant a final judgment at the conclusion of the trial.

    **SO ORDERED**, this   30th   day of September 2013.

                                             /s/ W. Louis Sands
                                         **THE HONORABLE W. LOUIS SANDS,**
                                         **UNITED STATES DISTRICT COURT**